IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN A. ZARRA, JR. and MARSHA A. ZARRA his wife, | CIVIL ACTION NO.   06-419 |
| Plaintiff, | JUDGE JOY FLOWERS CONTI |
| v. | |
| MARK W. EVERSON, Commissioner, Internal Revenue Service, | |
| Defendant. | |

**<u>ORDER</u>**

John A. Zarra, Jr. and Marsha A Zarra ("plaintiffs") filed this action which seeks injunctive relief against defendant[1] ("United States" or "defendant") relating to the collection of federal income taxes for the years 1999 and 2003.  On September 1, 2006, this court held a hearing to consider two motions: 1) the motion filed by plaintiffs for a temporary restraining order seeking to enjoin the defendant from seizing certain of plaintiffs' assets and 2) the motion to dismiss filed by defendant seeking to dismiss this action for lack of subject-matter jurisdiction.

At that hearing, the court recognized that the issues involved in both motions were somewhat similar in that the inquiry into plaintiffs' motion for a temporary restraining order

---

[1] The caption, as filed by plaintiffs, identifies Mark W. Everson, Commissioner of the Internal Revenue Service, as the defendant.  At the September 1, 2006 hearing, the parties agreed, on the record, that the correct defendant in this action was the United States of America and to substitute the United States for Mark W. Everson.

centered on plaintiffs' likelihood of success on the merits of their claims and defendant's motion to dismiss also focused on whether there existed any set of facts by which the government could establish its claims against plaintiffs. The court held, for the reasons set forth more fully on the record, that there existed facts by which the government could establish plaintiffs' liability relating to taxes due by plaintiff for 1999 and thus the court does not have jurisdiction over that claim and that plaintiffs' claim for injunctive relief relating to collection efforts for taxes for 2003 was not ripe for adjudication.

### Standard for Motion to Dismiss for Lack of Subject-Matter Jurisdiction

The burden of establishing jurisdiction in the district court lies with the party seeking to invoke the court's jurisdiction. KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 (1936); see Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). If a Rule 12(b)(1) motion challenges the court's subject-matter jurisdiction based on the sufficiency of the pleading's allegations, i.e., the movant presents a "facial" attack on the pleading, then those allegations are taken as true and construed in a light most favorable to the complainant. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (case dismissed upon facial attack on complaint, without consideration of extrinsic evidence); Cedars-Sinai Med. Center v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993); 2A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.07[2.-1], at 12-51 to 52 (1993).

If the Rule 12(b)(1) motion denies or controverts the pleader's allegations of jurisdiction, however, the movant is deemed to be challenging the factual basis for the court's subject-matter jurisdiction. See Watkins, 11 F.3d at 1583-84 (citing Trentacosta v. Frontier Pac. Aircraft Indus.,

Inc., 813 F.2d 1553, 1558-59 (9th Cir. 1987)); 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1363, at 456-57 (1990)).  In such a case, the allegations in the complaint are not controlling, KVOS, 299 U.S. at 277-79; Trentacosta, 813 F.2d at 1559; Thornhill Publishing Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); 5A WRIGHT & MILLER, supra, § 1363, at 457-58, and only uncontroverted factual allegations are accepted as true for purposes of the motion.  See Gibbs v. Buck, 307 U.S. 66, 72 (1939); Watkins, 11 F.3d at 1583-84; 5A WRIGHT & MILLER, supra, §§ 1350, 1363, at 219-20, 457.  All other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact finding by the district court.  Watkins, 11 F.3d at 1583-84; 2A MOORE ET AL., supra, ¶ 12.07 [2.-1],at 12-52; see generally Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990) (drawing distinction between facial and factual challenges to court's subject-matter jurisdiction); Mortensen v. First Fed. Savs. & Loan Ass'n, 549 F.2d 884, 891-92 (3d Cir. 1977).  In establishing the predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony.  Land v. Dollar, 330 U.S. 731,735 n.4 (1947); Watkins, 11 F.3d at 1584; St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (court properly considered materials outside pleadings to determine whether plaintiff's claim was ripe), cert. denied, 493 U.S. 993 (1989); Reynolds, 846 F.2d at 747; Indium Corp. of Am. v. Semi-Alloys, Inc., 781 F.2d 879, 883-84, cert. denied, 479 U.S. 820 (1986).

### Discussion

At the hearing, the court held that, generally, it lacks the authority to hear suits relating to the assessment or collection of taxes by reason of such suits being barred by the Anti-Injunction

Act, 26 U.S.C. § 7421(a).  Plaintiffs, who have the burden to establish jurisdiction, asserted that they were attempting to proceed against the United States under a judicially created exception to the Anti-Injunction Act.  See Enochs v. Williams Packing Co., 370 U.S. 1 (1962).  At the hearing, this court recognized that the United States Supreme Court's decisions in Enochs, 370 U.S. at 8 and Bob Jones Univ. v. Simon, 416 U.S. 725, 737 (1974), were controlling.  In Enochs, the Supreme Court held that "[o]nly if it is apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained."  Enochs, 370 U.S. at 8; see also Bob Jones Univ. v. Simon, 416 U.S. at 737.

For the reasons set forth on the record, the court dismissed with prejudice plaintiffs' claim for injunctive relief relating to their 1999 income taxes.  The court held that it lacked jurisdiction to hear that claim because that claim is subject to the Anti-Injunction Act and the judicial exception to that Act did not apply.  Even under the most liberal view of the law and the facts, the government may prevail on its claim against plaintiffs for 1999 taxes, particularly because on plaintiffs' 1999 income tax return, they acknowledged that they owed $179,501 to the government.  The motion for a temporary restraining order filed by plaintiffs related to collection activities with respect to income taxes due by plaintiffs for 1999, and that motion was denied by reason of the dismissal of plaintiffs' claim for injunctive relief relating to their 1999 income taxes.

The court dismissed as untimely plaintiffs' claim relating to their 2003 income taxes without prejudice.  The court held that, because plaintiffs' amended return for 2003 was currently under review by the Internal Revenue Service, a final decision had yet to be made with respect to

plaintiffs' claims relating to that amended return and no collection efforts had been taken with respect to plaintiffs' 2003 income taxes, the issue was not yet ripe for decision.

It is, therefore, ordered, as more fully set forth on the record, that plaintiffs' motion for a temporary restraining order (Doc. Nos. 23 & 29) is **DENIED** and defendant's motion to dismiss (Doc. No. 13) is **GRANTED** with respect to plaintiffs' claims relating to their1999 income taxes and **GRANTED WITHOUT PREJUDICE** with respect to plaintiffs' claims relating to their 2003 income taxes.  The clerk shall mark this case closed.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Dated: September14, 2006

cc:     Counsel of Record